REVISED MARCH 18, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-30916

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CORE L MORRIS also known as, Pretty Boy

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50003-1
5:06-CR-50090-1

Before SMITH and SOUTHWICK, Circuit Judges, and ENGELHARDT, District Judge.[*]

PER CURIAM:[**]

Core Morris appeals the sentence imposed following his guilty plea. For the reasons set forth below, we VACATE and REMAND for resentencing.

---

[*] District Judge for the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Morris pled guilty to one count of a bill of information and two counts of an indictment. The charge under the bill of information to which Morris accepted guilt was for conspiracy to defraud insurance companies through use of the mail, violating 18 U.S.C. §§ 371 and 1341. He also admitted his guilt to a count in the indictment charging him with counterfeiting checks, violating 18 U.S.C. § 513. Finally, he pled guilty to using his mother's social security number to obtain a Louisiana driver's license, violating 42 U.S.C. § 408(a)(7)(B). The district court consolidated the bill of information and indictment charges for sentencing purposes. The Presentence Report grouped each count together to determine a sentencing range. See U.S.S.G. § 3D1.2 (allowing grouping when all counts involve substantially the same harm).

The PSR recommended a two-level enhancement for "the production or trafficking of any (i) unauthorized access device or counterfeit access device, or (ii) authentication feature." Id. § 2B1.1(b)(10)(B)(i), (ii). It provided the following explanation for applying the enhancement:

> As to Counts Five and Six, although no device making equipment was discovered by agents during the course of the investigation of this offense, it was determined the defendant was responsible for supplying counterfeit checks to at least twenty-five other individuals involved in this case; which included fraudulent bank account numbers printed on these counterfeit checks. Accordingly, pursuant to U.S.S.G. §§ 2B1.1(b)(10)(B)(i)&(ii), if the offense involved the production or trafficking of any (1) unauthorized access device or counterfeit access device, or (ii) authentication feature, the offense level is increased by two (2) points.

The result of these calculations provided for a Guideline sentencing range of 84 to 105 months imprisonment.[1] At the sentencing hearing, the district court orally imposed a within-Guidelines sentence of 96 months for the check

---

[1] If the two-level enhancement had not been applied, Morris's guideline range for an offense level of 21 and criminal history category of V would have been 70 to 87 months.

counterfeiting and 5 years for each of the other two charges. All sentences were to run concurrently. The subsequent written judgment, however, sentenced Morris to "a total term of 96 months as to Count 1 of the bill of information and Counts 5 and 6 of the indictment, with said counts to run concurrently." The statutory maximum for counts one and six is five years; the maximum on count five is ten years.

Morris timely appealed, arguing that the district court erred in applying the Section 2B1.1(b)(10)(B) enhancement and that the written judgment was unlawful because it went above the statutory maximum for counts one and six. In response, the government concedes that the Section 2B1.1(b)(10)(B) enhancement and the written sentence were inappropriate but nonetheless contends that Morris is subject to a two-level enhancement under section 2B1.1(b)(10)(C). We now consider these arguments.

## Discussion

Section 2B1.1(b)(10) provides for a two-level enhancement in these circumstances:

> If the offense involved (A) the possession or use of any (i) device-making equipment, or (ii) authentication feature; (B) the production or trafficking of any (i) unauthorized access device or counterfeit access device, or (ii) authentication feature; or (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification, increase by 2 levels. If the resulting offense level is less than level 12, increase to level 12.

Application note 9(a) adopts the definitions found in 18 U.S.C. § 1029, a statute that punishes "fraud and related activity in connection with access devices." That latter statute defines the relevant terms:

> (1) the term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number,

personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

(2) the term "counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device;

(3) the term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud;

. . . .

18 U.S.C. § 1029(e)(1)-(3).

When a party properly objects, we review the district court's sentence enhancement de novo. United States v. Ocana, 204 F.3d 585, 588-89 (5th Cir. 2000). Under this standard, we will vacate a sentence if the district court incorrectly applied the sentencing guidelines. 18 U.S.C. § 3742(e)(2).

We reject the government's contention that Morris did not properly preserve his objection to the Section 2B1.1(b)(10)(B) enhancement in the district court. Morris filed a written objection to the PSR, stating that another person provided the "access device" for which the enhancement was applied. Though he did not reference Section 2B1.1(b)(10)(B) directly, Morris used the identical terminology – "access device" – found in that provision. This provided the district court with notice of the grounds upon which Morris objected. See Ocana, 204 F.3d at 589 (recognizing that a specific citation to the enhancement section at issue is not always required).

Regardless, the government concedes that the application of the enhancement would not survive a plain error review either. The district court relied on an enhancement that calls for the "production" or "trafficking" of an

4

unauthorized "access device" or "authentication feature." No factual basis exits to support a conclusion that Morris produced or trafficked an access device. The PSR states only that Morris supplied counterfeit checks to other individuals. Supplying counterfeit checks is not the same as "producing" or "trafficking" an unauthorized "access device" or "authentication feature."

Our prior cases compel this result. In United States v. Hughey, 147 F.3d 423 (5th Cir. 1998), the defendant was charged under 18 U.S.C. § 1029 with "traffic[king] . . . or us[ing] one or more unauthorized access devices." We reversed the conviction because the defendant's conduct involved only "the creation and presentation of bad checks." Hughey, 147 F.3d at 435. Similarly, in United States v. Childs, 173 F. App'x 360 (5th Cir. 2006) (unpublished), we vacated a defendant's sentence after the government conceded "that the district court erred in imposing a two-level sentencing enhancement pursuant to § 2B1.1(b)(10)(B)(i), based on the use of fictitious account numbers on checks."

Though the enhancement mentioned in the PSR is unusable, the government invites us to consider whether Morris is subject to a two-level enhancement under another section. The offered alternative applies if an offense involves "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." U.S.S.G. § 2B1.1(b)(10)(C)(i). Morris argues that the enhancement is inapplicable because he did not acquire a "means of identification" of someone "other than the defendant." See id. § 2B1.1, cmt. n.9(A).

We decline to decide the applicability of this enhancement. The government did not argue this enhancement during sentencing and the district court has not adopted it. The enhancement may be addressed upon remand.

Because we vacate Morris's sentence, the conflict between the district court's oral and written sentences is moot.

Morris's sentence is VACATED. We REMAND for resentencing.